IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:19cr86

MICHAEL CAREY EUBANK,
   Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the defendant Michael Carey Eubank's August 2, 2022, motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 39.) Eubank requests a sentence reduction because, due to circumstances beyond his control, he cannot complete his remaining sentence of fifty-four days of intermittent confinement before his term of supervised release ends on November 2, 2022.[1] (ECF No. 39, at 1–2.) Because Eubank establishes an extraordinary and compelling reason warranting relief and the § 3553(a) factors support a sentence reduction, the Court will GRANT his motion.

## I. BACKGROUND

On June 24, 2019, Eubank pleaded guilty to one count of conspiracy to defraud the United States for his role in a scheme to lower the mileage readings reflected on car odometers. (ECF Nos. 9, 10.) Eubank came before the Court with no criminal history, and on November 1, 2019, the Court sentenced Eubank to 105 days of intermittent confinement to be served concurrently with three years of supervised release. (ECF Nos. 22, 24.) In the judgment, the Court included the terms of the service of Eubank's intermittent confinement as "a condition of [his] supervised

---

[1] To date, Eubank has served fifty-one days of intermittent confinement. (ECF No. 40, at 1.)

release" and required that Eubank serve his term of intermittent confinement on weekends and holidays.[2] (ECF No. 24, at 2, 4.) The Court also entered a restitution order for $403,720.17.[3] (ECF No. 23.)

From November 15, 2019, through March 15, 2020, Eubank dutifully served fifty-one days of his term of intermittent confinement on the weekends.[4] (*Id.* at 1.) But since the beginning of the COVID-19 pandemic, the Residential Reentry Center has not been able to "facilitate intermittent confinement weekend time." (*Id.*) Accordingly, fifty-four days of his intermittent confinement sentence remain. (*Id.*)

Since that time, no facility has allowed Eubank to complete his outstanding sentence. Thus, Eubank now moves for a sentence reduction because, "[t]hrough factors entirely out of [his] control, . . . Eubank is unable to complete his sentence of intermittent confinement before the end of his period of supervision." (ECF No. 39, at 5.) He also argues that the sentencing factors in 18 U.S.C. § 3553(a) support his early release. (*Id.* at 6.) The government objects to the form of Eubank's request and contends that 18 U.S.C. § 3582(c)(1)(A) does not provide an appropriate avenue for relief.[5] (ECF No. 45, at 2.) The government does not object, however, to "a

---

[2] The Court reasoned that, among other things, a sentence of intermittent confinement would allow Eubank to work and make payments toward his restitution.

[3] The restitution order requires Eubank to pay this amount jointly and severally with a defendant in another case and "any defendants who are ordered to pay restitution for the same losses." (ECF No. 23, at 1.) As of August 3, 2022, Eubank has paid over $250,000 toward his restitution balance. (ECF No. 40, at 2.)

[4] Eubank's probation officer opines that Eubank would have completed his "term of intermittent confinement . . . were it not for the disruption of the COVID-19 pandemic." (ECF No. 40, at 2.)

[5] The government proffers that "[t]he proper vehicle for defendant's motion for relief is 28 U.S.C. § 2255." (ECF No. 45, at 5.) Because the Court finds that a motion for compassionate release appropriately resolves this issue, the Court declines to address the government's argument. The Court notes, however, that to invoke this Court's jurisdiction under 28 U.S.C. § 2255, a

2

modification of [Eubank's] sentence in light of his inability to serve the remainder of his sentence." (*Id.*) Rather, the government asserts that Eubank's situation is neither extraordinary nor compelling and that, even if it is, a reduction in his sentence would fail to promote respect for the law. (*Id.* at 6–8.) The Court disagrees and will therefore GRANT Eubank's motion.

## II. DISCUSSION

Eubank has exhausted his administrative remedies, established a compelling and extraordinary reason for the Court to modify his sentence, and demonstrated that the § 3553(a) factors support a sentence modification. The Court will, therefore, GRANT his motion.

### *A. Legal Standard for Relief*

Section 3582(c)(1)(A), as amended by the First Step Act, authorizes a district court to modify a criminal defendant's sentence if "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, . . . it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements . . . ."[6] 18 U.S.C. § 3582(c)(1)(A). "[P]rior to the First Step Act, courts could consider compassionate release only upon motion by the BOP."[7] *United States v. McCoy*, 981 F.3d 271,

---

defendant must do so unequivocally and in accordance with the rules governing such actions. *See United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002) (requiring that the district court advise inmates of the consequences of filing a § 2255 motion prior to converting a mislabeled post-conviction motion into a motion pursuant to § 2255).

[6] Absent extraordinary and compelling reasons, a district court may modify a defendant's sentence if "the defendant is at least 70 years of age, has served at least 30 years in prison" for a sentence imposed under 18 U.S.C. § 3559(c), and the Director of the Bureau of Prisons ("BOP") has determined "that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A)(ii). These circumstances do not apply to Eubank.

[7] Despite the colloquial use of the term "compassionate release," a court may, after finding that a defendant has met the statutory requirements of § 3582(c)(1)(A)(i), grant any reduction to his sentence. 18 U.S.C. § 3582(c) ("Modification of an Imposed Term of Imprisonment"); *see, e.g., United States v. Arey*, 461 F. Supp. 3d 343, 344 n.2 (W.D. Va. 2020); *United States v. Guess*, 576 F. Supp. 3d 370, 377 n.1 (E.D. Va. 2021) (explaining that "[a]lthough motions under 18 U.S.C.

3

276 (4th Cir. 2020). But today, § 3582(c)(1)(A) allows a defendant to file a motion for a sentence reduction after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Congress chose not to define extraordinary and compelling reasons in § 3582(c)(1)(A), rather, "the Sentencing Commission . . . addressed the issue in a policy statement." *McCoy*, 981 F.3d at 276 (citing United States Sentencing Guideline § 1B1.13). Because the Sentencing Commission failed to update § 1B1.13 to account for motions filed by defendants following the passage of the First Step Act, however, the policy no longer binds a court presented with a defendant's motion for a sentence reduction. *Id.* at 281. The Court may thus "consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284 (quoting *United States v. Brooker*, 976 F.3d 228, 230 (4th Cir. 2020)) (emphasis in original).

### B. Administrative Exhaustion

"[Section] 3582(c)(1)(A) requires [a] defendant[] to first exhaust administrative remedies or wait thirty days after requesting that the warden of [his] facility file a motion for a sentence reduction." *United States v. Feiling*, 453 F. Supp. 3d 832, 837 (E.D. Va. 2020). But because the exhaustion requirement is non-jurisdictional, *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021), courts in this district have found that it "may be waived . . . [if]: (1) the relief sought would be futile upon exhaustion; (2) exhaustion via the agency review process would result in

---

§ 3582(c)(1)(A) are colloquially known as compassionate 'release' motions, the statute's text states that a court 'may <u>reduce</u> the [defendant's] term of imprisonment'" and that "§ 3582(c)(1)(A) does not require a court to choose between granting immediate release and granting no relief at all" (emphasis and alteration in original)).

4

inadequate relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice," *Casey v. United States*, No. 4:18cr4, 2020 WL 2297184, at *1 (E.D. Va. May 6, 2020).

Here, Eubank founds his motion for a sentence reduction on the fact that he *does not have a facility to report to.* It necessarily follows that Eubank cannot request a sentence reduction from the warden of "[his] facility." 18 U.S.C. § 3582(c)(1)(A). Requiring Eubank to pursue administrative exhaustion based on the requirement that he ask the warden for relief would thus subject him to "undue prejudice." *Casey*, 2020 WL 2297184, at *1.

Despite this unique challenge, Eubank has nonetheless attempted to seek relief from the BOP. On June 24, 2022, Eubank asked the BOP Associate General Counsel for a sentence reduction based on the same grounds identified in his motion before this Court. (ECF No. 39-1); *see* 28 C.F.R. § 542.15(a) (explaining that "[a]ppeal to the [BOP] General Counsel is the final administrative appeal"). The Court finds that Eubank's request gave the BOP—"the agency . . . in the best position to determine an [individual's] suitability for release"—the opportunity to make an initial determination on his arguments. *See Feiling*, 453 F. Supp. 3d at 840. And, after more than thirty days passed, Eubank moved this Court for a sentence reduction. *See Muhammad*, 16 F.4th at 131 ("[T]he threshold requirement in § 3582(c)(1)(A) is . . . satisfied if a defendant requests the [BOP] to bring a motion on [his] behalf and . . . waits 30 days from the date of [his] initial request to file a motion in the district court."). The Court thus finds that Eubank effectively exhausted his administrative remedies.[8]

---

[8] To the extent Eubank has not done so because he requested relief from the General Counsel rather than the warden, the Court waives this requirement because the government has not affirmatively raised the issue, *see Muhammad*, 16 F.4th at 130, and thus proceeds to the merits of Eubank's motion.

### *C. Extraordinary and Compelling Reasons*

Eubank moves for a sentence reduction "due to the extraordinary and compelling reason that . . . Eubank is unable to report to jail to complete intermittent time based on circumstances outside his control." (ECF No. 39, at 4.) Despite consistently serving jail time on the weekends at the beginning of his sentence, Eubank has not been able to serve any of his remaining sentence of intermittent confinement since the beginning of the COVID-19 pandemic because the "jails authorizing inmates to serve their time intermittently in the Eastern District of Virginia [have] discontinued" those programs. (*Id.* at 5.)[9] Eubank first brought this issue to the Court's attention on December 7, 2021, and, since that time, his circumstances have not changed. (*Compare* ECF No. 29, at 1 (December 13, 2021) (explaining that "the Residential Reentry Center is not able to facilitate intermittent confinement weekend time"), *with* ECF No. 40, at 3 (August 3, 2022) (same).)

Because Eubank's term of supervised release ends on November 2, 2022, the discontinuation of these programs has made it impossible for Eubank to complete his remaining sentence in the requisite time unless he completes his sentence as "straight time." (*See* ECF No. 24, at 4 (requiring as a condition of Eubank's supervised release that he complete his 105-day term of intermittent confinement on weekends and holidays); ECF No. 40, at 1.) Eubank finds himself between Scylla and Charybdis—faced with either violating the terms of his release or closing his business and fundamentally altering his life to serve the remainder of his sentence as "straight time." (ECF No. 40, at 1.) The Court finds that, in practice, this is no choice at all.

---

[9] Eubank's probation officer has confirmed that "there is no available location which will allow . . . Eubank to participate in and complete his intermittent confinement program." (*Id.*; *see also* ECF No. 40, at 1.)

6

When considered in light of Eubank's successful adjustment to the other terms of his supervised release and his demonstrated dedication to paying restitution to the victims of his crimes, the Court finds that an extraordinary and compelling reason warrants a sentence reduction in this case.

### *D. Section 3553(a) Factors*

Section 3553(a) requires that a district court impose a sentence that is "sufficient, but not greater than necessary" to accomplish the goals of sentencing. 18 U.S.C. § 3553(a). When evaluating a motion for a sentence reduction, the Court conducts an individualized assessment by considering not only the § 3553(a) factors but also factors such as the amount of time already served and the defendant's "post-sentencing conduct and rehabilitation."[10] *McCoy*, 981 F.3d at 288.

Here, Eubank and his co-conspirators committed a serious crime when they tampered with car odometers. By lowering hundreds of vehicle mileage readings by up to 100,000 miles, Eubank ultimately cost unsuspecting consumers more than $250,000. These offenses, though, reflect a gross aberration from Eubank's character. Eubank, who began working at the age of fourteen to help with household finances, spent most of his adult life maintaining his own business and contributing to charitable efforts. He maintained a spotless criminal record before this offense

---

[10] Based on the § 3553(a) factors, the Court has considered the record pertaining to (1) the defendant's sentence relative to the nature and circumstances of his offense; (2) his personal history and characteristics; (3) the need for a sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes of the defendant; (6) the need to provide rehabilitative services; (7) the applicable guideline sentence; and (8) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct; and (9) the need to provide restitution. *See* 18 U.S.C. § 3553(a)(1)–(7). Now, as at the time of his sentencing, the Court finds inapplicable the need for the sentence to protect the public from further crimes by Eubank and to afford Eubank with education or vocational training.

and, since his sentencing in this case, has demonstrated that he will not again pose a threat to the community. The Court imposed a sentence of intermittent confinement to allow Eubank to return to "own[ing] and operat[ing] his own business" so that he could start contributing toward his outstanding restitution. (ECF No. 39, at 6.) And that is precisely what Eubank has done.

At the time of his sentencing, Eubank exhibited extreme remorse and a desire to repay the victims in this case. Eubank's post-sentencing conduct has confirmed the authenticity of these statements and his commitment to making the victims of his crime whole. While on supervised release, Eubank has "maintained a stable residence and employment" and "paid over $250,000 towards his [restitution] obligation."[11] (ECF No. 39, at 6.) Through his compliance with the terms of his supervised release and his efforts to work with his probation officer "to facilitate the scheduling of the remainder of his term of intermittent confinement," (ECF No. 40, at 2), Eubank has also demonstrated respect for the law.

To require Eubank to temporarily close his business to serve his remaining sentence would frustrate the Court's intent in imposing intermittent confinement and would result in a sentence "greater than necessary" under § 3553(a).

Having considered the relevant sentencing factors as well as Eubank's rehabilitative efforts, restitution payments, and good behavior while on supervised release, the Court finds that Eubank has met his burden of proving to the Court that he qualifies for a sentence reduction.

### III. CONCLUSION

The Court finds that Eubank has demonstrated an "extraordinary and compelling reason" justifying a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and that the § 3553(a) factors

---

[11] After Eubank's supervised release expires, he will remain liable for this amount and the U.S. Department of Justice's Financial Litigation Unit will retain authority to enforce collection of this debt.

support the same. Accordingly, the Court will GRANT Eubank's motion. (ECF No. 39.) The Court will REDUCE Eubank's sentence to time served. All other provisions of the judgment and restitution order dated November 1, 2019, (ECF Nos. 23, 24), SHALL remain in effect.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
Senior United States District Judge

Date: 31 August 2022
Richmond, VA